**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel Thomas DEPEW,**
**Defendant–Appellant.**

No. 90–5667.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 7, 1991.

Decided May 3, 1991.

As Amended June 3, 1991.

James M. Lowe, Alexandria, Va., for defendant-appellant.

Geoffrey Robert Brigham, Crim. Div., U.S. Dept. of Justice, Washington, D.C., argued (Henry E. Hudson, U.S. Atty., Michael R. Smythers, Asst. U.S. Atty., W.

Neil Hammerstrom, Jr., Asst. U.S. Atty., Alexandria, Va., for plaintiff-appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and COPENHAVER, United States District Judge for the Southern District of West Virginia, sitting by designation.

CHAPMAN, Circuit Judge:

Following a jury trial, Daniel DePew was convicted of conspiracy to kidnap in violation of 18 U.S.C. § 1201(c) and conspiracy to exploit a minor in a sexually explicit film in violation of 18 U.S.C. § 371 and § 2251(a). He was sentenced to 400 months imprisonment. He now appeals claiming error because (1) there was no proof of a conspiracy; (2) his statement to an FBI agent should have been suppressed; (3) wiretap evidence should have been suppressed; (4) the government rebuttal argument was improper and deprived him of his presumption of innocence and of a fair trial; (5) the trial court improperly admitted "editorialized summaries" of meetings and telephone calls; (6) the court improperly used a vulnerable victim adjustment to increase the offense level in determining his sentence; and (7) in applying the Sentencing Guidelines the court should have sentenced him under the conspiracy to commit murder guideline.

We have carefully considered the record, the briefs and the oral arguments and we find no merit to any of these exceptions.

## I

It is not necessary to give a long recitation of the facts. The district court was correct in observing that the trial record "reflects a tale of unspeakable evil and tragedy narrowly averted." 751 F.Supp. 1195. This describes the action of two individuals, Daniel DePew and Dean Lambey, who conspired to kidnap a young male about 12 years of age for the purpose of producing a "sex-snuff" film. In this film the boy would be sexually abused, tortured and finally murdered. The plot was uncovered by two California detectives who were investigating the production of child por-nography films. The district court authorized wiretaps on certain telephones which produced considerable evidence of the conspiracy. There were video tapes of certain meetings, and items seized from a search of appellant's apartment were admitted into evidence.

Appellant claims that there was never a conspiracy, that the government's case only proved that he had entertained certain fantasies, and that his discussion of these fantasies with Lambey had not resulted in an agreement necessary to support a finding that there was a conspiracy.

■ There was sufficient evidence to establish the essential elements of a conspiracy, and it was for the jury to decide whether the appellant's actions represented fantasies or whether he and his coconspirator intended to go through with their gruesome plan. The jury found him guilty, so it obviously must have agreed with the trial judge, who stated when sentencing the appellant: "I've heard the evidence. There's no doubt in my mind that you intended to do that. I'm not for a moment persuaded by your statement that you never intended to go through with it and that it was a fantasy."

■ The jury verdict must be sustained if there is substantial evidence to support the finding of guilt when the evidence is viewed in the light most favorable to the government. *United States v. Norris,* 749 F.2d 1116 (4th Cir.1984), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2139, 85 L.Ed.2d 496 (1985). It is not necessary to prove a formal agreement to establish a conspiracy in violation of federal law; a tacit or mutual understanding among or between the parties will suffice. *United States v. Ellzey,* 874 F.2d 324, 328 (6th Cir.1989). The evidence is overwhelming that the appellant was the initiator of the conspiracy. Although every detail of their plan had not been agreed upon, the essential nature of the plan was in place to kidnap a young male of approximately 12 years of age, to use a rented van to transport him from the place of kidnapping in Virginia to the place of filming in Maryland and then record the sexual molestation,

torture and eventual murder of the child on film for the purpose of some type of sexual gratification and also for the profit to be made in selling the film.

## II

■ DePew claims that at the time of his interview with an FBI agent on August 14, 1989, he had asked for an attorney and that the FBI agents had promised him a deal if he talked first. There was a full suppression hearing on this issue and the district court found the agent's testimony more credible and that the appellant had not requested a lawyer during the course of the interrogation. The findings of the district court are not clearly erroneous, and the district court's denial of the motion to suppress the statement made to the FBI agent is affirmed. *See United States v. Bethea*, 598 F.2d 331, 333–34 (4th Cir.), *cert. denied*, 444 U.S. 860, 100 S.Ct. 124, 62 L.Ed.2d 81 (1979).

■ There is also no merit to appellant's claim that the wiretap evidence obtained from authorized intercepts on the appellant's home telephone and work telephone should have been suppressed. Appellant claims that the wiretap affidavit and application failed to establish probable cause that his telephone would be used in furtherance of the conspiracy and did not show any need for the wiretap in light of other investigative procedures. 18 U.S.C. § 2518(3)(b) permits a district court to enter an order authorizing a wiretap if "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception." In applying for such an order it is not necessary for the applicant to prove beyond a reasonable doubt that communications concerning the offense will be obtained, but only that there is a fair probability thereof. *United States v. Alfano*, 838 F.2d 158, 162 (6th Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 64, 65, 102 L.Ed.2d 42 (1988). The issuing judge is in the best position to determine if probable cause has been established in light of the circumstances as they appear at the time. The application was supported by a twenty-four page affidavit and the district court expressly found that this material established "more than ample probable cause" that the appellant would use his telephone to discuss the film and identify other participants in the conspiracy. Great deference is normally paid to such a determination by the issuing judge, and our role is to determine whether the issuing court had a substantial basis for concluding that electronic surveillance would uncover evidence of wrong doing. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983).

The need for the intercept order was established in the petition and affidavit. In *United States v. Leavis*, 853 F.2d 215, 221 (4th Cir.1988), we held that the showing of need is tested in a practical and common sense fashion and not in an overly restrictive manner that would unduly hamper the investigative powers of law enforcement agents. The application in the present case met this standard and the evidence obtained was properly admitted.

## III

■ We find no error in the district court allowing law enforcement officers to summarize their telephone conversations and meetings with the conspirators. The tape and video recordings of these conversations and meetings were lengthy and some contained incomprehensible portions because of overlapping conversations and technical problems. The court's actions were consistent with Federal Rule of Evidence 611. We find no error in the trial court's other evidentiary rulings about which appellant now complains.

## IV

■ We find no merit to the claim that the rebuttal jury argument of the Assistant United States Attorney was improper and "exceeded all bounds of propriety." The appellant did not object at the time of the allegedly offensive statements, and absent such an objection, we may not reverse without a finding of plain error. *United States v. Mitchell*, 886 F.2d 667, 673 (4th

Cir.1989). In *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985), the Supreme Court instructed that plain error should be found only "sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." The statements of the Assistant United States Attorney in his rebuttal jury argument do not approach a level that would meet the plain error rule or cause a miscarriage of justice.

## V

Appellant makes two attacks upon the length of his sentence. First, he claims that he was convicted of conspiracy to kidnap, but that he was sentenced as though he had committed first degree murder. He argues that he should have been sentenced under § 2A2.1(a) for conspiracy to commit murder. Second, he claims that the offense level should not have been increased by 2 under § 3A1.1 on a finding that the victim of the offense was unusually vulnerable due to age, because the conspiracy did not progress to the point of a victim being selected, and there can be no increase for the vulnerability of an unknown victim.

In arriving at appellant's sentence, the district court stated:

The court concludes that the conduct involved here was a conspiracy to kidnap a child, to abuse that child sexually and ultimately to murder that child and dispose of the body. I think the evidence for that was compelling. And that is the conduct on which the court focuses in this sentencing proceeding.

Accordingly, the court concludes that 2X1.1 is the correct place to begin.... Section 2X1.1(c)[1] states that when an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section.

Then going to 2A4.1, which is the kidnapping, abduction or unlawful restraint, if we go through the calculation there, we come to 2A4.1(5), which would indicate that if the victim was kidnapped, abducted or unlawfully restrained to facilitate the commission of another offense or if the result of applying this guideline is less than that resulting from the guideline for such other offense, apply the guideline for the other offense. It would send us then to what the other offense is, which would be the two purposes, sexual abuse and murder.

Now, the defendant argues that 2A4.-1(b)(5) is only intended to apply if the kidnapping was actually consummated. By its terms, if you look only at the provision, that would be correct. But because the conspiracy provision is the provision that sends you there and the conspiracy provision contemplates that some conspiracies will not be completed, the obvious intent is to use that provision whether the conspiracy was completed or not with the incompletion being taken care of by the deduction of three.

Therefore, looking at either sexual abuse or murder, murder being the greatest, the base offense level would be 43. And the deduction of three levels under 2X1.1 would reduce it to 40. Therefore, the court concludes that the base offense level should be 40.

The court then found that a 2 level increase was appropriate under § 3A1.1 because the intended victim was unusually vulnerable because of age, and the court denied a request for a 2 level reduction for acceptance of responsibility. This produced an adjusted offense level of 42 with a criminal history of I which calls for a sentencing range of 360 months to life. The court imposed a sentence of 400 months on

---

**1.** U.S.S.G. § 2X1.1 provides:

(a) Base Offense Level: The base offense level from the guideline for the object offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

\* \* \* \* \* \*

(c) Cross Reference

(1) When an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section.

Count 1 and 60 months concurrent on Count 2.

There is no claim of disproportionality of the sentence; 18 U.S.C. § 1201(c) provides: "If two or more persons conspire to violate this section and one or more of such persons do any overt act or acts to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life." Congress has authorized a penalty for conspiracy to kidnap that is just as severe as the penalty for the completed crime.

■ Appellant's argument is that since murder would have been the final result of the conspiracy, the proper guideline was § 2A2.1 for conspiracy to commit murder. He also claims that the district court erroneously applied § 2A4.1(b)(5) because the section applies only "if the victim was kidnapped."

The district court applied the general conspiracy guideline § 2X1.1 and then cross-referenced to the kidnapping guideline § 2A4.1 and applied § 2A4.1(b)(5):

> If the victim was kidnapped, abducted, or unlawfully restrained to facilitate the commission of another offense: (A) increase by 4 levels, or (B) if the result of applying this guideline is less than that resulting from the application of the guideline for such other offense, apply the guideline for such offense.

The court determined that the "other offense" was murder, and used § 2A1.1 which gives a base offense level of 43. The court then reduced this by 3 levels pursuant to § 2X1.1(b)(1)[2] because there was an attempt and not a successful completion of the intended crime.

The appellant was indicted and convicted of conspiracy to kidnap in violation of 18 U.S.C. § 1201(c). This was the "object offense." The general guideline for conspiracy, § 2X1.1(a), provides:

> Base Offense Level: The base offense level from the guideline for the object offense, plus any adjustments from such

guideline for any intended offense conduct that can be established with reasonable certainty.

The district court properly considered § 2X1.1(a) then § 2A4.1, the kidnapping guideline. It found that kidnapping was the "object offense" and adjusted under the guideline for murder which was "any intended offense conduct that can be established with reasonable certainty." We directed such an approach in *United States v. Watford*, 894 F.2d 665, 669 (4th Cir. 1990), in applying §§ 2X1.1 and 2F1.1 to determine the offense level based on a conspiracy to commit mail fraud. Appellant's argument is that murder would have been the final result of the conspiracy and therefore the proper guideline was § 2A2.1, conspiracy to commit murder. He also claims that the district court erroneously applied § 2A4.1(b)(5) because the section applies only "if the victim was kidnapped," and he argues that the base offense level for kidnapping is only 24.

The district court correctly applied the general conspiracy guideline, § 2X1.1, then cross referenced to the kidnapping guideline, § 2A4.1, and applied subsection (b)(5) thereof and found that the "other offense" was first degree murder with a base offense level of 43. The court then reduced by 3 levels pursuant to § 2X1.1(b)(1) because the crime was an attempt and was not successfully completed.

Appellant argues that the district court's application of the guidelines treats him as if he had completed the kidnapping and the murder. However, he overlooks the 3 level reduction provided by § 2X1.1(b)(1) for his unsuccessful attempt. Appellant also overlooks that his crime was conspiracy to kidnap which included the kidnapping, torture, sexual abuse and eventual murder of an innocent young victim. The guidelines are based on relevant conduct and the extent of the appellant's crime is not reflected by the simple application of the kidnapping guideline. It was necessary, as the trial judge found, to consider the entire scheme

---

**2.** U.S.S.G. § 2X1.1(b)(1) provides:
If a conspiracy, decrease by 3 levels, unless the defendant or a coconspirator completed all the acts the conspirators believed necessary. . . .

and to cross reference the first degree murder guideline. The trial judge's reasoning is supported by application note 2 under § 2X1.1 which provides:

> Under § 2X1.1(a) the base offense level will be the same as that for the object offense which the defendant solicited, or conspired or attempted to commit. But the only specific offense characteristics from the guideline for the object offense that apply are those that are determined to have been specifically intended or actually occurred. Speculative specific offense characteristics will not be applied. For example, if two defendants are arrested during the conspiratorial stage of planning an armed bank robbery, the offense level ordinarily would not include aggravating factors regarding possible injury to others, hostage taking, discharge of a weapon, or obtaining a large sum of money, because such factors would be speculative. The offense level would simply reflect the level applicable to robbery of a financial institution, with the enhancement for possession of a weapon. *If it was established that the defendants actually intended to physically restrain the teller, the specific offense characteristic for physical restraint would be added. In an attempted theft, the value of the items that the defendant attempted to steal would be considered.*

(Emphasis added.)

██ Under the conspiracy guideline, it is obvious that the intended offense conduct carries the same weight as actual conduct, but the guidelines authorize the reduction of three levels where all acts necessary to complete the conspiracy have not occurred. *See* § 2X1.1(b)(2). The trial judge found that the appellant and his co-conspirator intended to carry out their plan which would have resulted in the murder of a young boy on film. This finding is supported by the record, and it was proper to consider first degree murder as a specific offense characteristic.

██ This same reasoning answers the appellant's claim that the district court erroneously applied the vulnerable victim adjustment under § 3A1.1. The record is clear that only a young boy was the target of the criminal activity and his age and vulnerability may be considered as specific offense characteristics under § 2X1.1. The vulnerable victim is covered by § 3A1.1:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

Application note 1 provides in pertinent part: "This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." An innocent 12 year old boy was, from the beginning of the conspiracy, to be the target of the crime. A boy of such age would certainly be "unusually vulnerable," if he fell into the hands of the appellant. This was a proper adjustment by the sentencing judge.

The appellant's convictions and his sentences are

AFFIRMED.