972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Cecil Howard ROSS, Defendant-Appellant.
 No. 91-5105.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 13, 1992
Decided: July 28, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-91-45-N)
 L. Barrett Boss, Asbill, Junkin, Myers & Buffone, Washington, D.C ., for Appellant.
 Richard Cullen, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, for Appellee.
 E.D.Va.
 Affirmed.
 Before WIDENER, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cecil Howard Ross pled guilty to conspiracy to commit fraud and arson (18 U.S.C. § 371 (1988)) after taking part in a scheme to blow up two chemical storage tanks in Norfolk, Virginia, so that a business associate, Ed Gresham, could fraudulently collect insurance on the contents of one of the tanks. Ross contests his sentence, arguing that the wrong sentencing guideline section was used to calculate his base offense level. He seeks expedited consideration of his appeal. We affirm.
 
 
 2
 Ross's base offense level was calculated using guideline sections 2X1.1 (conspiracy) and 2K1.4(a)(1) (arson).[1] Guideline section 2X1.1 directs that the base offense level for the object offense should be used. Guideline section 2K1.4(a)(1) provides for a base offense level of twenty-four if the offense created a substantial risk of death or serious bodily injury to someone other than a participant in the offense, and the risk was created knowingly. "Risk" includes risk to firefighters and other emergency personnel. U.S.S.G.s 2K1.4, comment. (n.2).
 
 
 3
 Ross maintained at his sentencing that guideline section 2K1.4(a)(2) should apply; it provides for a base offense level of twenty and the only pertinent difference from 2K1.14(a)(1) is that it does not specify knowing creation of risk. He represented that, when he faxed directions to Gresham on how to make a pipe bomb and timer for the bomb, he thought the tanks to be blown up were in a rural area outside of Baltimore, not in Norfolk, as they actually were. The district court heard evidence about Ross's statements to federal agents in a number of interviews immediately after the bombs were discovered at the storage facility and dismantled, and about his statements made to the probation officer. The court then made a factual finding that Ross had believed the storage tanks to be in a business area of Baltimore, not in a rural area. The court further found that guideline section 2K1.4(a)(1) applied because the conspirators intended to cause a major conflagration which would necessarily have created a substantial risk of death or injury to firefighters or others on the premises.
 
 
 4
 On appeal, Ross argues that the government failed to meet its burden of proving that a substantial risk was actually created, and that, if it was, Ross acted knowingly in creating it.
 
 
 5
 The district court's factual finding that Ross believed the storage tanks were in an urban, not a rural area, is not clearly erroneous, given that Ross repeatedly told the federal agents that he had thought the tanks were in Baltimore, but only mentioned that he thought they were in a rural area in an interview with the probation officer after his guilty plea.
 
 
 6
 The issue of which guideline best applies to the facts of the offense is reviewed de novo. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). Because Ross pled guilty to conspiracy, it is intended conduct, not actual conduct, that determines what the object offense is and thus, what guideline is used to calculate the base offense level. This is clear from the language of guideline section 2X1.1. See United States v. Depew, 932 F.2d 324, 330 (4th Cir.), cert. denied, 60 U.S.L.W. 3263 (U.S. 1991) (intended offense conduct carries same weight as actual conduct); see also United States v. Medeiros, 897 F.2d 13 (1st Cir. 1990) (fact that additional acts were necessary to complete the conspiracy did not render contemplated outcome "speculative" within the meaning of the commentary tos 2X1.1). Ross conspired to blow up a storage tank containing 500,000 gallons of methanol or methane gas with the intention that this would cause an explosion or fire sufficient to destroy 2,000,000 gallons of sodium hydrosulfide in an adjacent tank. The district court was correct in considering the intended conduct and in its determination that the intended explosion or fire would have intentionally created a substantial risk of death or serious injury to people on the scene or emergency personnel called to help. Guideline section 2K1.4(a)(1) was correctly applied.[2] The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, (Nov. 1990)
 
 
 [2]
 Because the objects of the conspiracy were arson and fraud, both object offenses should have been used in computing the final offense level. See U.S.S.G. 1B1.2(d) (a conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit). Had the fraud and arson conspiracy offenses been treated as multiple counts of conviction, the final offense level would have been higher. The matter was not raised in the district court and is not an issue on appeal