UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 96-4071

ELBERT BLANGO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-350-A)

Submitted: October 31, 1996

Decided: November 20, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frank Salvato, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Thomas C. Bradley, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1995, Inmate Elbert Blango was returning from a work detail to Lorton Reformatory. During a routine shakedown, Officer Quispe found a small amount of marijuana. Blango tried to grab the drug and eat it. During the resulting scuffle, Blango struck Sergeant Wilkes. He was indicted for two drug-related offenses and for assault on a correctional officer, in violation of 22 D.C. Code § 505(a). The drug counts were dropped during trial, but Blango was convicted of the remaining charge. He was sentenced to twelve months imprisonment consecutive to his existing sentence, followed by two years of supervised release. Blango appeals that conviction.

I

Blango first contends that he was denied the right to adequately cross-examine Officer Quispe. Blango attempted to impeach Quispe with a disciplinary report from his employment file. After reviewing the material, the district court ruled that the report, for insubordination and violation of policy, was only marginally relevant to Quispe's truthfulness.

While a criminal defendant has a fundamental right to effectively cross-examine a witness, Davis v. Alaska, 415 U.S. 308, 315-16 (1974), the trial court may place reasonable limits on cross-examination to prevent harassment of or prejudice to the witness, and questions of questionable relevance. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). We review such restrictions for abuse of discretion. United States v. Carty, 993 F.2d 1005, 1010 (1st Cir. 1993).

We conclude that the district court did not abuse its discretion in its ruling on the disciplinary report. The contents of the report were not related to the incidents of the case, or to Quispe's bias or general truthfulness. Counsel for Blango fully cross-examined Quispe about the incident in question. In addition, Quispe's testimony was primarily concerned with the drug charges--he testified that he was too concerned with recovering the marijuana on the floor to attend to the

2

struggle between Wilkes and Blango. Wilkes and another officer testified and were cross-examined about the struggle. Therefore, this claim entitles Blango to no relief.

II

In his closing argument, the prosecutor stated:

> [T]he defendant will punch somebody in front of other officers; because he knows, one, that he will either get away with it when he does it, or, two, they will hit him back, and he will have a lawsuit against the District of Columbia. In fact, that's probably what he's hoping for. He can make some money out of it. Sure, he'll punch an officer in front of others. It's a no-lose situation.

Blango argues that these comments were reversible error, as there was no evidence that he had filed or intended such a lawsuit.

Counsel for Blango did not object to these statements. Absent plain error, an improper closing argument by the prosecutor is not grounds for reversal where the defendant has not objected. United States v. DePew, 932 F.2d 324, 327-28 (4th Cir.), cert. denied, 502 U.S. 873 (1991). Therefore, we review the issue for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 734 (1993). Plain error is: (1) an error, (2) clear and obvious under existing law, (3) which is so prejudicial as to affect the outcome of the proceedings, and (4) which seriously affects the fairness, integrity, or public reputation of the proceedings. United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994).

Even if Blango could satisfy us that the first two elements of the plain error standard were met, we are convinced that he could not meet the last two elements. The prosecutor's closing argument was not so prejudicial as to affect the jury's verdict. The quoted comment was the only such statement in the prosecutor's remarks. The jury heard no evidence that Blango had filed or intended to file a lawsuit against the officers or the city. The prosecution presented ample evidence that Blango struggled with the officers and struck Sergeant

3

Wilkes. Soon after the prosecutor's comments, the district court reminded the jury that the arguments of counsel are not evidence. Thus, Blango has not established prejudice which might have affected the outcome. Nor do we conclude that the fairness or public integrity of the trial was affected.

III

During jury selection, the district court noted a shortage of jurors. At a bench conference, the judge and counsel for both sides agreed to recall a juror previously excused for hardship. After defense counsel finished exercising his peremptory challenges, they were again one juror short. The judge suggested either agreeing to use eleven jurors or continuing the case to another day. Counsel for Blango, after calling the defendant to the bench, suggested restoring one of the jurors he had struck. All parties agreed to this solution, and the trial proceeded.

Blango now argues that he should have been present at the bench during the entire discussion, and that the subsequent use of a struck juror is improper. Any right Blango had to be present at the bench conference during jury selection, he waived by failing to raise an objection in the district court. United States v. Ford, 88 F.3d 1350, 1369 (4th Cir. 1996); see United States v. Gagnon, 470 U.S. 522, 528 (1985).

As to the reinstatement of the jurors, defense counsel suggested or agreed to both contested actions, foregoing other options suggested by the district court. Therefore, he is entitled to no relief. See United States v. Evans, 635 F.2d 1124, 1127-28 (4th Cir. 1980) (substituting alternate juror after deliberations had begun did not prejudice consenting defendant), cert. denied, 452 U.S. 943 (1981).

We affirm Blango's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4