**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 96-4653

LLOYD J. STALLWORTH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-95-313)

Submitted: June 24, 1997

Decided: July 11, 1997

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Harry L. Hobgood, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Lloyd J. Stallworth was a passenger in a car stopped for speeding on Interstate 85 in North Carolina. A search of the car revealed cocaine base hidden in a wheel well and the car's occupants were arrested. Pursuant to a plea agreement, Stallworth pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994), and he was sentenced to 175 months in prison. Stallworth appeals his conviction, claiming that the police officers did not have probable cause or an articulable suspicion to detain him before they discovered crack cocaine in the car and therefore had no probable cause to arrest him after the discovery.

At the outset, we note that a valid guilty plea waives antecedent non-jurisdictional issues. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). However, the parties failed to address this matter. In any event, we find no merit to Stallworth's claims; consequently, we affirm.

Stallworth and one of his co-defendants filed a motion to suppress all evidence seized and any statements made by them pursuant to the traffic stop. The district court denied the motion. This court reviews legal conclusions in a district court's suppression determination de novo and reviews the underlying factual findings under the clearly erroneous standard. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

An ordinary traffic stop constitutes a limited seizure of the car's occupants, and this court analyzes the reasonableness of such a stop under principles established in Terry v. Ohio, 392 U.S. 1 (1968). See Berkemer v. McCarty, 468 U.S. 420, 439 (1984). This approach entails two considerations: whether the initial stop was legal and whether the subsequent investigation exceeded the proper scope of

2

the traffic stop. See Rusher, 966 F.2d at 875-76. Because it is undisputed that the initial stop was valid, the only inquiry here is whether the subsequent investigation exceeded the proper scope of the traffic stop.

During an initial traffic stop, an officer "`may request a driver's license and vehicle registration, run a computer check, and issue a citation.'" Rusher, 966 F.2d at 876 (citation omitted). If the driver produces a valid license and proof that he is authorized to drive the car, the officer may no longer detain him. "Any further detention for questioning is beyond the scope of the Terry stop and therefore illegal unless the officer has a reasonable suspicion of a serious crime." Rusher, 966 F.2d at 876-77.

The officers in this case were justified in detaining Stallworth and the other occupants of the rental car while questioning them, obtaining the driver's consent to a search, and searching the vehicle. Trooper William Grey initially asked for the driver's license and the vehicle registration. He received a driver's license that did not appear to belong to the driver and, instead of a vehicle registration, a rental contract that did not authorize any of the car's occupants to drive the car. Moreover, the car was stopped in North Carolina, but the rental contract did not authorize taking the car outside of Maryland. These facts gave Grey an objectively reasonable suspicion that the car was stolen and justified his investigatory detention beyond the speeding ticket. The occupants' subsequent conflicting versions of their itinerary gave further justification to the officers' escalating suspicions and therefore justified the further detention of the three men. See United States v. Lee, 898 F.2d 1034, 1040 (5th Cir. 1990).

The length of the detention did not convert the stop into an arrest. Though an investigatory stop should be brief, Terry imposes no rigid time limitation. The stop is permissible if "the police diligently pursue[ ] a means of investigation that [is] likely to confirm or dispel their suspicions quickly, during which time it is necessary to detain the defendant." See United States v. Sharpe, 470 U.S. 675, 685-86 (1985). Here, no more than ten minutes elapsed between the time Trooper Grey stopped the car for speeding and the driver's consent to the search. The officers then diligently pursued their investigation by conducting a search of the vehicle that ultimately revealed the

3

cocaine base. We find that the length of this detention did not convert it into one for which probable cause was needed.

Stallworth contends that the officers lacked probable cause to arrest him after they discovered the cocaine base in the rental car. A warrantless arrest is valid if the arresting officers have probable cause to believe the suspect has committed an offense. The officers' decision that probable cause is present is reviewed under a totality of circumstances test. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Both the quantity of information possessed by the officers and the degree of its reliability are factors to be considered. See Alabama v. White, 496 U.S. 325, 330 (1990). The district court's determination of probable cause should be sustained if the court had a substantial basis for its conclusion. See Gates, 462 U.S. at 236; United States v. Depew, 932 F.2d 324, 327 (4th Cir. 1991).

Based on the totality of the circumstances, the officers had probable cause to arrest Stallworth. Each occupant of the car gave a different story about their destination and the reason for their trip. They all appeared nervous during the search and their comments and actions led Sergeant T. L. Cardwell to believe they might flee. In light of these facts, there was substantial evidence to support the district court's conclusion that the officers had probable cause to arrest Stallworth after discovering the cocaine. Cf. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980) (where other circumstantial evidence is present, proximity to contraband with inferred knowledge of its presence sufficient to establish constructive possession).

For these reasons, we affirm Stallworth's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4