**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4509

ZARENTEE A. ROBERTS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-96-5)

Argued: July 8, 1997

Decided: September 10, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and G. Ross
ANDERSON, Jr., United States District Judge for the District of
South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Calvin Richard Depew, Jr., RABINOWITZ, RAFAL,
SWARTZ, TALIAFERRO & GILBERT, P.C., Norfolk, Virginia, for
Appellant. Janet S. Reincke, Assistant United States Attorney, Nor-
folk, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1996, Zarentee Roberts was indicted on one count of possession with intent to distribute heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B)(I) (West 1981 & Supp. 1996). The district court denied Roberts' motion to suppress evidence discovered during a search of his person and of his motel room. Roberts entered a guilty plea pursuant to Fed. R. Crim. P. 11(a)(2), reserving the right to appeal the denial of his suppression motion. He also appeals the calculation of his criminal history under the Federal Sentencing Guidelines. We affirm the district court on both claims.

I

On December 12, 1995, Detectives Brereton and Kuehn of the Virginia Beach Police Department were called to the Courtyard Marriott Motel. Staff at the motel had found a loaded handgun and a bag of money in Room 148, which was registered to Zarentee Roberts. Roberts listed nearby Portsmouth, Virginia, as his home address. Only one key had been issued to Roberts when he checked in to the motel. The phone log revealed numerous calls to nearby Portsmouth, a source city for heroin in the Tidewater area. A computerized criminal history check showed that Roberts had several arrests on drug and gun charges.

Detective Brereton contacted the Portsmouth Police Department. According to Brereton's testimony at the suppression hearing, Officer Borges of Portsmouth told him Roberts had been convicted of drug and weapon felonies. Brereton asked if he was sure Roberts had been convicted, and Borges responded, "Yes. I am looking at his FBI number right now. He's been convicted of drug and weapon felonies." Officer Kuehn, Brereton's partner, testified that he heard Brereton's side of the conversation and heard him say, "So he's a convicted

2

felon?" Borges testified at the hearing that he told Brereton that Roberts had charges against him, rather than convictions. He stated, "[H]e could have very well been saying conviction and me not understood him. In trying to remember back . . ., I cannot remember that. There is no way I could tell there's been a conviction from [the system he was using]." In fact, Roberts was not a convicted felon.

When Brereton and Kuehn saw a black male approach the room and insert a key, the officers approached him and identified themselves. As Roberts began to walk away, the officers arrested him as a felon in possession of a firearm. A search of his person revealed a digital scale, over $1000 in cash, and a baggie containing 16.5 grams of a white powder that field tested positive for heroin. The officers then applied for and received a search warrant for the room, where they found 191 net grams of heroin and over $18,000 in cash.

Officer Brereton at that time had forty hours of training in basic narcotics investigation, forty hours of training in undercover work, and forty hours of training in drug interdiction. He was working with the interdiction unit of the special investigative section with hotel and motel drug interdiction. Brereton testified that drug dealers often used hotel rooms to store drugs and conduct drug business.

Roberts' presentence report showed two convictions for possession of marijuana in Portsmouth General District Court. He received jail time for both convictions. The appeals to Virginia circuit court were pending at the time of sentencing. Roberts argued that these convictions should not be counted in his criminal history, but the district court overruled the objection. Roberts was sentenced to 102 months imprisonment, followed by four years of supervised release.

II

Following a suppression hearing, the district court held that the officers had probable cause to arrest Roberts, even without the erroneous information that he was a convicted felon. The items revealed in that search provided enough evidence to justify a search warrant for the room. Alternatively, the court held that Officer Brereton was a more credible witness than Officer Borges as to the contents of their

3

conversation, based on the latter's uncertain testimony, his relative inexperience on the job, and Officer Kuehn's testimony.

A warrantless arrest may be made if the officer has probable cause to believe the suspect has committed a crime. Probable cause exists if at the time of the arrest the facts and circumstances within the officer's knowledge would justify a prudent man's belief that the arrestee had committed or was committing an offense. Beck v. State of Ohio, 379 U.S. 89, 91 (1964); United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993). Probable cause is evaluated based on the totality of the circumstances. Illinois v. Gates , 462 U.S. 213, 238 (1983). We must sustain the district court's finding of probable cause if the court had a substantial basis for its conclusion. Id. at 236; United States v. Depew, 932 F.2d 324, 327 (4th Cir. 1991).

Here, the officers knew that hotel employees had found a loaded handgun and a large amount of cash in a hotel room for which the only key was issued to Roberts. They knew Roberts listed a nearby Portsmouth address, and made frequent calls to numbers in Portsmouth; they knew he had been arrested five times from 1992 to 1995 on drug and gun charges. Brereton knew, based on his training, that Portsmouth is a source city for heroin, and that drug dealers sometimes use hotel rooms as a base to run their operations. Police may use their training and experience to draw limited inferences of criminal activity from behavior that is not facially criminal. See Texas v. Brown, 460 U.S. 730, 742-43 (1983). We agree with the district court that a reasonably prudent person could conclude that Roberts was committing or had committed a crime. Once Roberts was searched, the items found on him certainly gave probable cause to obtain a warrant to search the motel room.

Roberts cannot successfully attack the warrant affidavit. He has not shown that there was a false statement made knowingly and intentionally, or with reckless disregard for the truth; nor has he shown that the statement was necessary for a finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). Therefore, we affirm the district court's denial of the motion to suppress.

4

III

Roberts argues that his two convictions in the general district court of Virginia should not have been included in his criminal history when his sentencing range under the federal sentencing guidelines was computed, because he had appealed the convictions. In Virginia, when a district court conviction is appealed, the defendant is entitled to a trial de novo and the conviction is a nullity. See, e.g., Gaskill v. Com., 144 S.E.2d 293, 296 (Va. 1965). The presentence report gave Roberts two points in his criminal history based on convictions that were then on appeal to the circuit court. The district court overruled Roberts' objection, holding that the guidelines required consideration of the convictions.

We hold that the district court correctly applied the relevant guidelines. Under USSG § 4A1.2(1) (Nov. 1, 1995), prior sentences on appeal are to be counted in determining criminal history. The term "prior sentences" is broadly defined. USSG§ 4A1.2(a). Under USSG § 4A1.2(a)(3), a conviction is counted as a prior sentence even if imposition or execution of the sentence has been totally stayed or suspended. Sentences on appeal are specifically included. USSG § 4A1.2(1). The guidelines are set up to be broadly inclusive, excluding only those prior convictions specifically excepted. As the type of conviction at issue here has not been specifically excluded, we conclude that it was properly included.

We affirm Roberts' conviction and sentence.

AFFIRMED