**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 03-4123

RONNIE PEGRAM,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-02-232)

Submitted: May 13, 2003

Decided: June 12, 2003

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Charles Arthur Gavin, BLACKBURN, CONTE, SCHILLING &
CLICK, P.C., Richmond, Virginia, for Appellant. Paul J. McNulty,
United States Attorney, Michael C. Wallace, Sr., Assistant United
States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronnie W. Pegram appeals the sentence imposed after he pled guilty to one count of solicitation to commit a crime of violence, specifically arson, in violation of 18 U.S.C. § 373 (2000). Pegram argues that the district court erred in determining his sentence, specifically that the court erroneously applied the solicitation to commit murder guideline. *U.S. Sentencing Guidelines Manual* § 2A1.5 (2002). Pegram asserts that the evidence did not show that he intended that death or serious injury occur, and the district court only speculated as to his intent, which is specifically prohibited by the Guidelines. *See* USSG § 2X1.1, comment. (n.2). Because we conclude that this argument is without merit, we affirm.

We review the district court's guideline selection de novo. *United States v. Lambert*, 994 F.2d 1088, 1091 (4th Cir. 1993). Our review of the district court's application of the Guidelines and the evidence before the district court regarding Pegram's intent convinces us that the district court correctly concluded that Pegram intended that death or serious bodily injury result from the arson he solicited. The district court properly applied § 2A1.5 to determine Pegram's sentence, as in this case, "the extent of appellant's crime is not reflected by the simple application of the [arson] guideline." *United States v. Depew*, 932 F.2d 324, 329 (4th Cir. 1991).

We therefore affirm Pegram's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*