**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4942**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

HARVEY BREWER,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (CR-04-215)

---

Submitted: October 6, 2006          Decided: November 3, 2006

---

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Harvey Brewer appeals his conviction and 121-month sentence imposed following a guilty plea for conspiracy to distribute and possess with intent to distribute one kilogram or more of a quantity of a mixture substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). After thoroughly reviewing the record, we affirm.

In 1999, members of the Drug Enforcement Administration ("DEA"), in cooperation with the Baltimore City Police Department, investigated alleged drug trafficking in Baltimore City, Maryland, which revealed that Brewer and others, including Troy Crawley, conspired to distribute and possess with the intent to distribute heroin. As part of its investigation, the DEA sought authorization to intercept wire communications on a cellular phone used by Crawley, and electronic and wire communications on a pager and cellular phones used by Brewer. Brewer contends the district court erred in denying his motion to suppress evidence derived from the interception of wire and electronic communications because the affidavits in support of the wire and electronic surveillance (1) did not establish probable cause; (2) were based on probable cause that was stale; and (3) failed to comply with the "exhaustion" provisions of 18 U.S.C. § 2518(1)(c) (2000). Brewer further argues that the district court's assessment that the Government

established "super probable cause" did not satisfy the probable cause assessment required by 18 U.S.C. §§ 2510-20 (2000).

We review the district court's factual findings underlying a motion to suppress ruling for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Bush, 404 F.3d 263, 275 (4th Cir.), cert. denied, 126 S. Ct. 289 (2005). When a suppression motion has been denied, the evidence is reviewed in the light most favorable to the Government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

Brewer first argues there was no probable cause to obtain a wiretap to achieve the objectives set forth in the affidavits. 18 U.S.C. § 2518(3)(b) (2000) permits a district court to enter an order authorizing a wiretap if "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception." In applying for such an order it is not necessary for the applicant to prove beyond a reasonable doubt that communications concerning the offense will be obtained, but only that there is a fair probability thereof. United States v. Alfano, 838 F.2d 158, 162 (6th Cir. 1988). The issuing judge is in the best position to determine if probable cause has been established in light of the circumstances as they appear at the time. United States v. Depew, 932 F.2d 324, 327 (4th Cir. 1991).

Probable cause is judged by an analysis of the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 230 (1983), which are weighed "not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement," id. at 232. Furthermore, the "fact that an innocent explanation may be consistent with the facts alleged," does not necessarily negate probable cause. United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985). In United States v. Leavis, 853 F.2d 215, 221 (4th Cir. 1988), we held that the showing of need is tested in a practical and common sense fashion and not in an overly restrictive manner that would unduly hamper the investigative powers of law enforcement agents. The applications in the present case met this standard and the motion to suppress was properly denied.

Turning to the exhaustion requirement, under § 2518(1)(c), a wiretap application must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The burden upon the government "to show the inadequacy of normal investigative techniques is not great, and the adequacy of such a showing is 'to be tested in a practical and common sense fashion.'" United States v. Smith, 31 F.3d 1294, 1297 (4th Cir. 1994) (quoting United States v. Clerkley, 556 F.2d 709, 714 (4th Cir. 1977)).

The affidavits in this case presented extensive detail regarding various investigative techniques that had been tried, and the reason for their failure, as well as those that were not possible in light of the investigative goals. These included: use of an informant, material from a prior search warrant and other investigative data, physical surveillance, toll record and pen register analysis, use of the grand jury, undercover investigation, and other subscriber information. The affidavits explained that through these procedures, law enforcement authorities had been able to gather a limited amount of evidence concerning the organization but could not determine the identities of other co-conspirators and sources. For example, it was only through the use of electronic surveillance that Brewer's identity became known to law enforcement.

The affidavits also explained that such techniques as introducing undercover agents, employing physical surveillance, and search warrants would not be successful in disclosing the nature of the conspiracy and those involved. Because the application and affidavit provided specific factual information as to how certain investigative methods had been employed with limited success and how others were unlikely to succeed, we find the Government provided sufficient facts from which the issuing court could reasonably have concluded a wiretap was necessary. Thus, we find

the district court did not err in denying Brewer's motion based on exhaustion.

Brewer next argues that the information set forth in the affidavits in support of the wiretaps was stale. He claims that the investigation came to a "standstill" in August 2003 and almost five months elapsed from August 2003 until January 2004, during which time there was no indication that agents obtained any new information as to Crawley's activities. As this court has made clear, "[t]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." United States v. McCall, 740 F.2d 1331, 1336 (4th Cir. 1984); see also United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998) (staleness not measured "solely by counting the days on a calendar"). "Rather, we must look to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." McCall, 740 F.2d at 1336.

Even the most cursory read of the affidavits does not support Brewer's contention. The affidavits establish that the investigation was ongoing and information and evidence was being obtained by the investigators in support of probable cause to seek the wiretaps. Here, Brewer was under investigation for drug trafficking--not "mere isolated violation[s]" of the law, but

criminal activities of "a protracted and continuous nature." United States v. Farmer, 370 F.3d 435, 439 (4th Cir.), cert. denied, 543 U.S. 1022 (2004) (citation omitted). The ongoing nature of the drug trafficking operation rendered the recency of the information in the affidavit less crucial, and "suggest[ed] that probable cause [was] not diminished solely by the passage of time." Id.; see also United States v. Alvarez, 358 F.3d 1194, 1203 (9th Cir.), cert. denied, Valenzuela v. United States, 543 U.S. 887 (2004) (long-term drug trafficking operation) (other citations omitted). Brewer's argument is unavailing.

Finally, Brewer complains that the district court erroneously denied his motion to suppress by referring to the Government's demonstration of what was characterized as "super probable cause." Contrary to Brewer's allegations, the district court's remarks at the suppression hearing demonstrated a full awareness of the relevant statutory standards for the judicial authorization of wire and electronic surveillance.

Even if Brewer is correct that the affidavits did not set forth adequate probable cause, or that the exhaustion requirements of 18 U.S.C. § 2518(1)(c) had not been met, the affiants were entitled to rely on the facially valid wiretap orders pursuant to the good faith exception of United States v. Leon, 468 U.S. 897 (1984). See United States v. Moore, 41 F.3d 370, 376 (8th Cir. 1994) (good faith doctrine required that suppression of wiretap

- 7 -

evidence be denied, despite defect in order allowing electronic surveillance); United States v. Malekzadeh, 855 F.2d 1492, 1497 (11th Cir. 1988) (Leon applied to wiretap affidavit that was devoid of deliberately false or recklessly false information); United States v. Baranek, 903 F.2d 1068, 1071-72 (6th Cir. 1990) (recognizing that Congress intended federal wiretap law to incorporate Fourth Amendment evidence suppression doctrines).

Accordingly, we affirm Brewer's conviction and sentence. We further grant Brewer's motion to file a pro se supplemental brief but deny Brewer's motion to compel the Government's response to his pro se supplemental brief and deny counsel's motion to withdraw representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED