**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4135**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GLENN QUANTA PERNELL, a/k/a GP,

        Defendant - Appellant.

**No. 20-4404**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FATIMA FLESINEARS FORD, a/k/a Tima,

        Defendant - Appellant.

**No. 21-4172**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

WHITNEY SAD'E PERNELL,

Defendant - Appellant.

———————————————

Appeals from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:17-cr-00811-MGL-1; 3:17-cr-00811-MGL-7; 3:17-cr-00811-MGL-5)

———————————————

Submitted:  March 13, 2023                                    Decided:  April 24, 2023

———————————————

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and TRAXLER, Senior Circuit Judge.

———————————————

Affirmed by unpublished per curiam opinion.

———————————————

**ON BRIEF:**  Jeremy A. Thompson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant Glenn Quanta Pernell. Tristan M. Shaffer, TRISTAN SHAFFER, ATTORNEY AT LAW, Chapin, South Carolina, for Appellant Fatima Flesinears Ford.  William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia, South Carolina, for Appellant Whitney Sad'e Pernell.  M. Rhett DeHart, Acting United States Attorney, Charleston, South Carolina, Jane B. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

A jury convicted Glenn Quanta Pernell ("G. Pernell"), Fatima Flesinears Ford, and Whitney Sad'e Pernell ("W. Pernell") (collectively, "Defendants") of conspiracy to possess with the intent to distribute and distribute five kilograms or more of a mixture or substance containing cocaine and one kilogram or more of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and convicted G. Pernell and W. Pernell of using a communication facility during the commission of the conspiracy, in violation of 21 U.S.C. § 843(b). The district court sentenced G. Pernell to life imprisonment and sentenced Ford and W. Pernell to 135 months' imprisonment.

Defendants' cases stem from an investigation into the criminal activities of brothers Santerrio Smith ("S. Smith") and Dantrell Smith ("D. Smith"). On March 30, 2017, the Government obtained an order authorizing the wiretap of three phones: Target Phone 1, used by D. Smith, and Target Phones 2 and 3, used by S. Smith. The district court denied Defendants' motion to suppress evidence obtained from the wiretaps, and, in these consolidated appeals, Defendants challenge that decision. We affirm.

"When examining the denial of a motion to suppress, this Court reviews the district court's legal determinations de novo and its factual conclusions for clear error. In conducting this review, the Court evaluates the evidence in the light most favorable to the government." *United States v. Runner*, 43 F.4th 417, 421 (4th Cir.) (cleaned up), *cert. denied*, 143 S. Ct. 532 (2022).

Defendants first argue that the district court erred in concluding that the Government had probable cause to believe that wiretaps of Target Phones 2 and 3, S. Smith's phones,

3

would produce evidence related to the drug-trafficking conspiracy.  Section 2518 "requires the judge to find 'probable cause' supporting issuance of the [wiretap] order." *Dahda v. United States*, 138 S. Ct. 1491, 1494 (2018).  Specifically, the issuing judge must conclude that:  (1) "there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular [enumerated] offense"; and (2) "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception."  18 U.S.C. § 2518(3)(a)-(b).

To establish probable cause, the government need only demonstrate "a fair probability" that communications concerning the criminal activity will be intercepted. *United States v. Depew*, 932 F.2d 324, 327 (4th Cir. 1991).  "The issuing judge is in the best position to determine if probable cause has been established in light of the circumstances as they appear at the time." *Id.*  Accordingly, "[g]reat deference is normally paid to such a determination by the issuing judge, and our role is to determine whether the issuing court had a substantial basis for concluding that electronic surveillance would uncover evidence of wrong doing." *Id.*

"Evidence seized pursuant to a warrant supported by stale probable cause is not admissible in a criminal trial." *United States v. Ebert*, 61 F.4th 394, 401 (4th Cir. 2023) (cleaned up).  Thus, "part of a court's assessment of probable cause must consider whether the facts supporting it are so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time." *Id.* (internal quotation marks omitted).  Although "time is a crucial element, the existence of probable cause cannot be determined by simply counting the number of days between the occurrence of the facts supplied and

4

the issuance of the affidavit." *Id.* (cleaned up). Rather, "the Court looks to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." *Id.* (cleaned up).

The affidavit in support of the wiretap application at issue here established that S. Smith was arranging drug sales on Target Phones 2 and 3 in January 2017, just two months prior to the issuance of the wiretap order. That some of the sales did not come to fruition does not negate the fact that S. Smith was engaging in criminal activity using Target Phones 2 and 3. And we conclude that the historical information Defendants argue is too stale to support probable cause demonstrated that this recent flurry of drug activity was not an anomaly. *See, e.g.*, *United States v. Encarnacion*, 26 F.4th 490, 498 (1st Cir. 2022) (explaining that "shelf life sometimes may be extended when the application describes an ongoing pattern of conduct in the drug-trafficking arena, because the probable cause determination will not hinge on discrete pieces of standalone evidence but, rather, on the totality of the circumstances" (citation omitted)); *United States v. Rhynes*, 196 F.3d 207, 234 (4th Cir. 1999) (concluding that search warrant was not stale when, among other factors, "the nature of the activities alleged were long-term drug trafficking and money laundering"), *vacated in part on other grounds by* 218 F.3d 310 (4th Cir. 2000) (en banc).

Next, Defendants argue that the Government failed to establish that the wiretaps of Target Phones 2 and 3 were necessary. To obtain a wiretap authorization, "the government [must] submit an application containing 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. Galloway*,

749 F.3d 238, 242 (4th Cir. 2014) (quoting 18 U.S.C. § 2518(1)(c)).  And a district court may "issue a wiretap order only after making a specific finding that 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'"  *United States v. Smith*, 31 F.3d 1294, 1297 (4th Cir. 1994) (quoting 18 U.S.C. § 2518(3)(c)).  These requirements "are designed to ensure that the relatively intrusive device of wiretapping is neither routinely employed as the initial step in criminal investigation, nor resorted to in situations where traditional investigation techniques would suffice to expose the crime."  *Id.* (internal quotation marks omitted).

The government's burden of demonstrating the necessity for a wiretap "is not great, and the adequacy of such a showing is to be tested in a practical and commonsense fashion that does not hamper unduly the investigative powers of law enforcement agents."  *United States v. Wilson*, 484 F.3d 267, 281 (4th Cir. 2007) (internal quotation marks omitted).  Thus, "[a]lthough wiretaps are disfavored tools of law enforcement, the [g]overnment need only present specific factual information sufficient to establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence such that wiretapping becomes reasonable."  *Id.* (cleaned up).  We review for abuse of discretion a district court's determination that a wiretap was necessary.  *Id.* at 280.

Here, in the affidavit in support of the wiretap application, the agent set forth in exhaustive detail the investigative techniques used in the investigation up to that point and explained why those techniques had not achieved the goals of the investigation.  The agent also explained why continued use of those techniques or the use of additional techniques would threaten the investigation and the safety of those involved.  We conclude that this

6

showing was sufficient and that the district court did not abuse its discretion in concluding that the wiretaps were necessary. *See id.* at 281 (holding that showing of necessity was sufficient under similar circumstances); *Galloway*, 749 F.3d at 243 (same).

Because the district court did not err in denying Defendants' motion to suppress the evidence obtained from the wiretaps, we affirm the district court's judgment. We deny G. Pernell's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*