**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4427

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VALFONSO DEWITT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:21-cr-00308-PX-1)

Submitted:  June 23, 2025                           Decided:  July 28, 2025

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Alfred Guillaume, III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Brooke Y. Oki, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valfonso Dewitt appeals the district court's judgment after the jury convicted him of conspiracy to distribute and to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and two counts of using any communication facility to facilitate a drug felony, in violation of 21 U.S.C. § 843(b).  On appeal, Dewitt contends that the district court erred in denying his motion to suppress wiretap evidence, because the affidavit in support of the order authorizing the initial wiretap of his phone did not establish sufficient probable cause that he was involved in drug trafficking.  We affirm.

"When, as here, a district court denies a motion to suppress, we review the court's 'legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government.'"  *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024), *cert. denied*, __ S. Ct. __, 2025 WL 951206 (Mar. 31, 2025).  To obtain authorization for a wiretap, a judge must find, inter alia, that there is probable cause that an individual is committing, has committed, or is about to commit a covered offense, and that particular communications concerning the offense will be obtained through such interception.  *See* 18 U.S.C. § 2518(3); *Dahda v. United States*, 584 U.S. 440, 442 (2018); *United States v. Brunson*, 968 F.3d 325, 330 (4th Cir. 2020); *United States v. Depew*, 932 F.2d 324, 327 (4th Cir. 1991).  To establish "probable cause" under the wiretap statute, an applicant need only show "a fair probability thereof."  *Depew*, 932 F.2d at 327.

Probable cause "is not a high bar:  It requires only the kind of fair probability on which reasonable and prudent [people,] not legal technicians, act."  *Kaley v. United States*, 571 U.S. 320, 338 (2014) (internal quotation marks omitted).  "The issuing judge is in the

2

best position to determine if probable cause has been established in light of the circumstances as they appear at the time." *Depew*, 932 F.2d at 327.  Accordingly, "[g]reat deference is normally paid to such a determination by the issuing judge, and our role is to determine whether the issuing court had a substantial basis for concluding that electronic surveillance would uncover evidence of wrong doing." *Id.*  Even if a wiretap order is found to be facially insufficient, suppression is not justified where law enforcement officials have acted reasonably and in good faith.  *Brunson*, 968 F.4th at 333-34.

We have reviewed the record and conclude the district court did not err in denying Dewitt's motion to suppress wiretap evidence.  Dewitt contends the affidavit in support of the application failed to provide sufficient probable cause to establish that he was involved in drug trafficking.  We disagree.  Having reviewed the affidavit, we conclude it established a fair probability that Dewitt was conspiring to distribute controlled substances, and there was a substantial basis for the issuing judge's order granting the wiretap application.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*