**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                            No. 00-4320

RODNEY LaMARK McGILL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-99-659-DWS)

Submitted: January 31, 2001

Decided: February 26, 2001

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Rhett Eleazer, Chaplin, South Carolina, for Appellant. Marshall
Prince, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Rodney LaMark McGill appeals his conviction on four counts related to his involvement in the robbery of Bordertown, a video poker casino located in South Carolina. The indictment against McGill and twelve other individuals charged him in four of its fifteen counts with robbery, 18 U.S.C. 1951(a) (1994), and its related conspiracy charge, *see id.* and 18 U.S.C. § 2 (1994), use of a firearm in relation to a felony, 18 U.S.C. § 924(c)(1)(A)(ii) (1994), and its analog conspiracy offense. 18 U.S.C. § 924(o) (1994). After a trial, the jury found McGill guilty on all four counts. McGill noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court impermissibly restricted the scope of cross-examination of a prosecution witness through its rulings on the admissibility of hearsay evidence. McGill filed a supplemental brief asserting that he should not have been convicted of conspiracy with respect to robberies other than the one in which he actually participated. McGill also contends that the prosecution's closing argument was improper and that both his trial counsel and appellate counsel failed to render constitutionally sufficient assistance. Finding no merit to any of these claims of error, and discovering no other reversible error in our review of the record, we affirm the conviction and sentence.

In his brief on appeal, counsel assails the district court's ruling on the admissibility of certain testimony from a prosecution witness and contends that the ruling unduly limited McGill's right to cross-examination. Restrictions on the scope of cross-examination are within the sound discretion of the trial judge, and trial courts are generally given wide latitude to set reasonable limits to prevent harassment, prejudice, or confusion of the issues. *United States v. Ambers*, 85 F.3d 173, 175-76 (4th Cir. 1996). With respect to the testimony at issue, the district court correctly excluded the testimony as hearsay. *See* Fed. R. Evid. 801(c). Consequently, we have no difficulty in finding that the district court did not abuse its discretion with respect to this rather mundane limitation on the scope of cross-examination.

In his pro se supplemental brief, McGill also raised several claims of error. First, although McGill suggests that the error constitutes a "variation" from his indictment, he advances an argument that the evidence was insufficient to convict him of conspiracy, contending that he was involved in only the Bordertown robbery. *See United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). However, a conspirator may be a member of a conspiracy without knowing its full scope, or all of its members, and without taking part in full range of its activities. *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). McGill became a willing member of the conspiracy by assuming a role in the Bordertown robbery.

McGill also contends that the prosecution mischaracterized certain evidence in its closing argument. The test for error in argument is whether the allegedly improper remarks so infected the trial with unfairness that the resulting conviction is a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Moreover, absent plain error, an improper closing argument is not grounds for reversal where the defendant has not objected and moved for a mistrial. *United States v. DePew*, 932 F.2d 324, 328 (4th Cir. 1991). Even assuming the mischaracterization occurred, McGill alleged nothing that would suggest that the comments were more than merely isolated and only minimally prejudicial. *United States v. Odom*, 736 F.2d 104, 117-18 (4th Cir. 1984). There was no reversible error and certainly no plain error with respect to the prosecution's closing argument.

Finally, McGill contends that both his appellate and trial counsel failed to render constitutionally sufficient assistance. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). However, a claim of ineffective assistance of counsel is only appropriate on direct appeal where counsel's ineffectiveness is apparent from the face of the record. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). Because several of McGill's contentions of error on the part of appellate counsel rely on allegations apart from the trial record, counsel cannot have erred in declining to present McGill's claims for the first time on direct appeal. McGill also suggests that there was error as a result of the fact that the specific details of the prosecution's witnesses' plea agreements were not made known to the jury. At its core, this contention goes to trial counsel's performance and his handling of cross-examination is therefore inappropriate for direct appeal. *See*

*United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). There is no attorney error apparent from the record that would require us to consider this claim of error.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

McGill's conviction and sentence are affirmed. McGill's motion in "opposition to" counsel's *Anders* brief is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*