**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vicki Solomon DICKERSON,
Defendant–Appellant.**

**No. 91–5037.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1991.

Decided Jan. 31, 1992.

Linda Sue Chapman, Powell & Colton, P.C., Alexandria, Va., argued (Robert Stanley Powell, on brief), for defendant-appellant.

William Neil Hammerstrom, Jr., Asst. U.S. Atty., Alexandria, Va., argued (Kenneth E. Melson, U.S. Atty., on brief), for plaintiff-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

OPINION

HEANEY, Senior Circuit Judge:

Vicki Dickerson twice tried to blow up her ex-husband, once with a truck bomb and once with a letter bomb. Luckily, her ex-husband suffered no physical injuries from either attempt. After Dickerson pleaded guilty to four firearms charges brought in connection with these two

bombing incidents, the district court sentenced Dickerson based on the guidelines offense level that would apply if Dickerson had actually murdered her ex-husband. Dickerson argues this was error. We agree and remand for resentencing.

## Background

Dickerson and her husband separated in mid–1989. Her husband then started to see another woman, and Dickerson vowed to break up that romance. By April 1990, Dickerson had made a pipe bomb with the assistance of co-defendant Brian Mungle. On May 10, 1990, Dickerson went to her husband's house and taped the pipe bomb to the gas tank of his truck. The bomb exploded the next morning when her husband started the truck. Although the bomb lifted up the rear end of the truck and dented its gas tank, Dickerson's husband escaped uninjured.

On October 1 or 2, 1990, Dickerson mailed a homemade letter bomb to her husband. The bomb was intercepted, however, and a bomb squad exploded it without incident.

Dickerson pleaded guilty to two counts of possessing an unregistered firearm, one count of conspiracy to possess an unregistered firearm, and one count of mailing an explosive device. At the plea hearing, the prosecutor set forth the above facts and alleged that Dickerson intended to kill her husband. Dickerson did not contest these assertions at that time.

At sentencing, the district court grouped Counts I and II, which dealt with the truck bomb, and applied U.S.S.G. § 2K2.1 to those counts. Section 2K2.1, which covers certain firearms violations, contains a cross-reference that directs the court to apply the general guideline for attempts, solicitations, and conspiracies (U.S.S.G. § 2X1.1) in cases where the defendant used the firearm in connection with the attempted commission of another offense. *See* U.S.S.G. § 2K2.1(c)(2) (Nov. 1, 1989). Similarly, the court grouped Counts III & V,

which involved the mail bomb, and applied U.S.S.G. § 2K1.6 to those two counts. Section 2K1.6 covers certain crimes involving explosives, and directs the court to apply U.S.S.G. § 2X1.1 if "the defendant committed the offense with intent to commit another offense against a person or property." *See* U.S.S.G. § 2K1.6(a)(2) (Nov. 1, 1989).

Pursuant to the above cross-references, the court applied U.S.S.G. § 2X1.1 to Dickerson. Relying on U.S.S.G. § 2X1.1(a), the court found that because Dickerson intended to kill her husband with the mail bomb and the truck bomb, the "object offense" in her case was first-degree murder. As the court put it, "the intended offense conduct here was clearly murder. It was not attempted murder." The court, however, decided not to apply the base offense level of 43 for first-degree murder to Dickerson, as that would have left her with a life sentence. Instead, the court departed down to offense level 33, the offense level for second-degree murder. *See* U.S.S.G. § 2A1.1, Application Note 1 (Nov. 1, 1989) (downward departure may be warranted if the defendant did not cause the death intentionally or knowingly). After adding two points for Dickerson's role in the offense, the court determined that Dickerson's final offense level was 35. This gave her a guidelines range of 168 to 210 months; the court imposed a 190-month sentence.

## Discussion

Dickerson does not contest the district court's decision to apply the general guideline for attempts, conspiracies, and solicitations (section 2X1.1) in her case. Instead, she claims that the district court misapplied that guideline. We agree.

We cannot quibble with the district court's finding that Dickerson's intended offense conduct was murder. There was ample evidence in the record showing that Dickerson intended to kill her husband with a bomb. Once the district court determined that the general guideline covering

attempts (§ 2X1.1) applied to Dickerson, however, it then should have determined whether a specific guideline covered Dickerson's attempted offense conduct. This is because U.S.S.G. § 2X1.1(c)(1) directs courts to apply guidelines sections that "expressly cover[ ]" a particular attempt, solicitation, or conspiracy.[1] Application Note 1 to § 2X1.1 gives some specific examples:

> Certain attempts, conspiracies, and solicitations are expressly covered by other offense guidelines. Offense guidelines that expressly cover attempts include: § 2A2.1 (Assault With Intent to Commit Murder; Attempted Murder)....

Here, a specific guideline covered Dickerson's attempted conduct at the time she committed her crimes: the guideline for attempted murder, U.S.S.G. § 2A2.1. (Nov. 1, 1989).[2] The district court should have applied that guideline to her case.

The government argues that *United States v. Depew*, 932 F.2d 324, 328–29 (4th Cir.1991), supports the district court's decision. That case, however, stands only for the proposition that where an attempt or conspiracy is not covered by a specific offense guideline, U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2X1.1(b) would apply. In *Depew*, the defendant was convicted of conspiracy to kidnap and conspiracy to exploit a minor in a sexually explicit film. On appeal, the defendant claimed that under § 2X1.1, he should have been sentenced under the guideline for conspiracy to commit murder, as murder was the final object of the conspiracy. We rejected this argument, noting that the object offense was the conspiracy to *kidnap*. *Id.* at 329. At the time the defendant Depew committed his crimes, there was no specific guideline for conspiracy to kidnap. Accordingly, sections 2X1.1(a) & (b) rather than section 2X1.1(c) applied to him.

*Conclusion*

We reverse the judgment of the district court and remand for resentencing under the guideline for attempted murder.

REVERSED AND REMANDED.

---

1. U.S.S.G. § 2X1.1(c)(1) (Nov. 1, 1989) states that when an "attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section."

2. The guideline for conspiracy to commit murder would not apply in Dickerson's case: there was insufficient evidence in the record to prove that Dickerson's co-conspirator, Brian Mungle, had an agreement with Dickerson to try and kill her husband.