48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Boyd STONE, Defendant-Appellant.
 No. 94-5032.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 2, 1995.
Decided: March 3, 1995.
 
 ARGUED: Peter Curcio, BRESSLER, CURCIO & STOUT, Bristol, VA, for Appellant. Steven Randall Ramseyer, Assistant United States Attorney, Abingdon, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Abingdon, VA, for Appellee.
 Before ERVIN, Chief Judge, and MICHAEL and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George Boyd Stone was tried by a jury and convicted of solicitation to commit murder and solicitation to commit kidnapping; he pled guilty to structuring banking transactions to avoid reporting requirements and to criminal forfeiture. He was sentenced to a total term of 360 months imprisonment. On appeal, he raises three sentencing issues. Finding no reversible error, we affirm.
 
 I.
 
 2
 Stone first contends that the district court erred in applying Sec. 2A4.1 of the United States Sentencing Guidelines rather than U.S.S.G. Sec. 2A1.5. His contention is meritless.
 
 
 3
 For purposes of sentencing, the district court properly grouped Stone's convictions for solicitation to commit murder and solicitation to commit kidnapping pursuant to U.S.S.G. Sec. 3D1.2(b).[1] The court then applied U.S.S.G. Sec. 3D1.3(a), which provides:
 
 
 4
 In the case of counts grouped together pursuant to Sec. 3D1.2(a)-(c), the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group.
 
 
 5
 The court assessed the offense level for the solicitation counts under U.S.S.G. Sec. 2X1.1. That section provides that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." U.S.S.G. Sec. 2X1.1(c)(1). With respect to Stone's conviction for solicitation to commit murder, there is a specific guideline provision covering that offense, i.e., U.S.S.G. Sec. 2A1.5, which specifies a base offense level of 28.
 
 
 6
 With respect to Stone's conviction for solicitation to commit kidnapping, however, as the court found, there is no specific applicable guideline provision. Thus the court calculated the offense level for this offense under U.S.S.G. Sec. 2X1.1(a), which provides for the calculation of the base offense level as follows:
 
 
 7
 The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.
 
 
 8
 Finding that the "substantive offense" of the solicitation to commit kidnapping conviction was kidnapping,[2] the court looked to the offense level for the substantive offense of kidnapping found at U.S.S.G. Sec. 2A4.1, which specifies a base offense level of 24. The court adjusted the offense level to 43 by finding that murder constituted "intended offense conduct that can be established with reasonable certainty." U.S.S.G. Sec. 2X1.1(a). The court then reduced Stone's offense level by 3 because the act contemplated by his solicitation, namely the kidnapping, was never completed, but enhanced the offense level by 2 for obstruction of justice, resulting in a final offense level of 42. Pursuant to U.S.S.G. Sec. 3D1.3(a), the court utilized this offense level to determine the appropriate sentencing range.
 
 
 9
 The thrust of Stone's first argument on appeal is that, under U.S.S.G. Sec. 2X1.1(a), the "substantive offense" underlying his conviction for solicitation to commit kidnapping was murder, not kidnapping, and that since he was also convicted of solicitation to commit murder, the court should have applied the specific guideline section covering that offense. In so arguing, however, Stone confuses the ultimate purpose of his solicitation to commit kidnapping, which he contends was murder, with the object of that solicitation, which was clearly kidnapping. Stone was convicted of solicitation to commit kidnapping; the "substantive offense" of this solicitation was clearly the crime of kidnapping, even though there might have been some ultimate overriding purpose for the crime. Thus the district court correctly applied Sec. 2X1.1(a); solicitation to commit kidnapping was not expressly covered by another guideline section.
 
 
 10
 Our holding on this point is controlled by United States v. DePew, 932 F.2d 324 (4th Cir.), cert. denied, 502 U.S. 873 (1991). As described by the district court in that case, "the conduct involved ... was a conspiracy to kidnap a child, to abuse that child sexually and ultimately to murder that child and dispose of the body." Id. at 328 (emphasis added). The defendant was convicted of conspiring to kidnap and conspiring to exploit a minor in a sexually explicit film. The district court applied U.S.S.G. Sec. 2X1.1(a) and determined that the "object offense" was kidnapping, not, as the defendant contended, murder. Id. at 329. The court therefore applied the guideline governing the substantive crime of kidnapping, rather than that governing conspiracy to commit murder, and adjusted the offense level upwards because, as in this case, murder constituted "intended offense conduct that can be established with reasonable certainty." Id. We affirmed. Id. at 329-30.
 
 
 11
 Stone argues that our recent decision in United States v. Dickerson, 956 F.2d 46 (4th Cir.1992), applies instead. However, that case stands only for the proposition that where a specific guideline covers a defendant's attempted conduct, the sentencing court should apply that specific guideline. Thus, we held that in that case, involving an attempted murder, the district court should have applied U.S.S.G.
 
 
 12
 Sec. 2A2.1 governing attempted murder, not the general attempt provision set forth in U.S.S.G. Sec. 2X1.1(a). Id. at 47-48. Here, the parties agree that the guidelines do not contain a specific provision with respect to solicitation to commit kidnapping. Accordingly, the court below correctly calculated Stone's offense level under U.S.S.G. Sec. 2A4.1.[3]
 
 II.
 
 13
 Stone argues that the district court erred in determining under U.S.S.G. Sec. 2X1.1(a) "that a reasonable certainty existed that a murder was to occur after the kidnapping." Stone contends that "it became very evident at trial that neither a kidnapping nor a murder would have in fact occurred, since the intended victim would never have been delivered to George Stone as he had hoped" (emphasis added). However, it is clear from the plain language of U.S.S.G. Sec. 2X1.1(a) that only the intention to commit the offense conduct need be established with reasonable certainty, not the fact that such an offense would actually have been committed. See DePew, 932 F.2d at 330. This is consistent with the fact that Stone was convicted for solicitation, a crime which does not require that the solicited act even be possible, let alone reasonably certain to occur. Indeed, Stone's offense level was actually reduced because the crime that he solicited was never consummated.[4]
 
 III.
 
 14
 Finally, Stone contends that the district court erred by failing to depart downward from the applicable guideline range. A district court's refusal to depart downward ordinarily is not reviewable unless the court mistakenly believed it lacked the authority to so depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.1990).
 
 
 15
 Stone claims that the district court refused to depart downward because it believed that it had no discretion or authority to do so. Although the district judge could have been clearer on this matter, we believe, on a fair reading, that the entire relevant portion of the record reflects the judge's belief not that he lacked discretion or authority to depart downward but that Stone's situation presented no basis for downward departure under a correct interpretation of the guidelines. A decision not to depart downward on this basis is not reviewable. See United States v. Weddle, 30 F.3d 532, 541 (4th Cir.1994).[5]
 
 AFFIRMED
 
 
 [1]
 Section 3D1.2(b) provides as follows:
 All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
 * * *
 (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
 
 
 [2]
 An application note to U.S.S.G. Sec. 2X1.1 states that " '[s]ubstantive offense,' as used in this guideline, means the offense that the defendant was convicted of soliciting, attempting, or conspiring to commit." U.S.S.G. Sec. 2X1.1, comment. (n.2)
 
 
 [3]
 Indeed, an application note to U.S.S.G. Sec. 2A4.1 addresses this precise situation:
 In the case of a conspiracy, attempt, or solicitation to kidnap, Sec. 2X1.1 (Attempt, Solicitation, or Conspiracy) requires that the court apply any adjustment that can be determined with reasonable certainty. Therefore, for example, if an offense involved conspiracy to kidnap for the purpose of committing murder, subsection (b)(7) would reference first degree murder (resulting in an offense level of 43, subject to a possible 3-level reduction under Sec. 2X1.1(b)).
 U.S.S.G. Sec. 2A4.1, comment. (n.5) (emphasis added).
 
 
 [4]
 Again, an application note to U.S.S.G. Sec. 2X1.1 is relevant here: Under Sec. 2X1.1(a), the base offense level will be the same as that for the substantive offense. But the only specific offense characteristics from the guideline for the substantive offense that apply are those that are determined to have been specifically intended or actually occurred. Speculative specific offense characteristics will not be applied. For example, if two defendants are arrested during the conspiratorial stage of planning an armed bank robbery, the offense level ordinarily would not include aggravating factors regarding possible injury to others, hostage taking, discharge of a weapon, or obtaining a large sum of money, because such factors would be speculative. The offense level would simply reflect the level applicable to robbery of a financial institution, with the enhancement for possession of a weapon. If it was established that the defendants actually intended to physically restrain the teller, the specific offense characteristic for physical restraint would be added
 U.S.S.G. Sec. 2X1.1, comment. (n.2) (emphasis added).
 
 
 [5]
 We note, however, that the record provides ample support for the district court's finding that Stone, who with premeditation solicited another to assist him in kidnapping, torture, and murder, who purchased guns, knives, a blowtorch, stakes, nails, and handcuffs in aid of that plan, who obstructed justice, and who failed to accept responsibility, was not entitled to a downward departure