IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-10464
Summary Calendar

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

                  versus

DONALD GENE BROOKS,

      Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-311-ALL-H

---

May 2, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

We previously vacated the sentence of Donald Gene Brooks and remanded his case to the district court for resentencing to allow all parties notice of and an opportunity to respond to the district court's grounds for upward departure.[1] Brooks has appealed again, arguing for the first time that the district court failed to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *United States v. Brooks*, No. 00-10072 (5th Cir. Dec. 13, 2000) (unpublished per curiam).

explain the nature of the charge to which his plea was offered, in violation of Fed. R. Crim. P. 11(c)(1).

As the Supreme Court very recently held that an unobjected-to alleged Rule 11 violation is reviewed only for plain error on direct appeal, *a fortiori* an unobjected-to claimed Rule 11 violation raised for the first time on a second appeal, such as Brooks', is likewise reviewed only for plain error.[2] To show plain error, Brooks must demonstrate a clear and obvious error that affects his substantial rights, *i.e.*, an error that is prejudicial and affects the outcome of the proceedings; in most cases, we will not exercise our discretion to correct any error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings.[3]

"[A] reviewing court may consult the whole record when considering the effect of any error on substantial rights."[4] Our review of the entire record persuades us that Brooks has not shown reversible plain error based on any violation of Rule 11(c)(1) in his plea colloquy.[5]

AFFIRMED.

---

[2] *United States v. Vonn*, 122 S. Ct. 1043, 1046 (2002).

[3] *United States v. McIntosh*, 280 F.3d 479, 482 (5th Cir. 2002).

[4] *Vonn*, 122 S. Ct. at 1046.

[5] *Cf. United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999) (review under harmless error standard).