**George Boyd STONE, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden, Respondent–Appellee.**

**No. 02–5954.**

United States Court of Appeals, Sixth Circuit.

April 2, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER, District Judge.*

*ORDER*

George Boyd Stone, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Stone was tried by a jury and convicted of solicitation to commit murder and solicitation to commit kidnapping. He pleaded guilty to structuring banking transactions to avoid reporting requirements and to criminal forfeiture. He was sentenced to a total term of 360 months imprisonment. His conviction was affirmed on appeal. *See United States v. Stone*, No. 94–5032,

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

1995 WL 86431 (4th Cir. Mar.3, 1995). The Supreme Court denied Stone's petition for a writ of certiorari in 1995.

In April 1997, Stone filed in the trial court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The trial court denied Stone's § 2255 motion. The Fourth Circuit affirmed the district court's decision in 1999. *See United States v. Stone,* No. 98–6788, 1999 WL 89883 (4th Cir. Feb.23, 1999). The Supreme Court denied Stone's petition for a writ of certiorari in 1999.

On April 3, 2002, Stone filed the § 2241 petition for a writ of habeas corpus claiming that: (1) the United States District Court in Virginia lacked jurisdiction over some of the federal offenses with which he was charged; (2) he is not guilty of the "financial structuring" offense for which he was convicted; (3) he received ineffective assistance of counsel in numerous instances; (4) the trial court improperly accepted his plea of guilty when it knew or should have known he was trying to proclaim his innocence and further prohibited him from obtaining new and competent counsel; and (5) he is actually innocent of the offenses to which he pleaded guilty in 1993. The district court dismissed the § 2241 petition because it challenged Stone's conviction and the imposition of his sentence rather than its execution. This timely appeal followed.

Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we conclude that the district court properly dismissed Stone's § 2241 petition for the reasons stated by that court. Pursuant to § 2241, a federal prisoner may bring a petition for a writ of habeas corpus challenging the execution of his sentence in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. If, however, a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he must file a motion to vacate under § 2255 in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Because Stone's petition constitutes a challenge to his conviction and the imposition of his sentence, § 2255, not § 2241, is the proper vehicle to employ.

Nonetheless, Stone may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. The burden is upon the petitioner to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Stone has not met this burden. Stone has cited to no authority which would permit any of his claims to proceed under § 2241. Stone either did raise or had earlier opportunity to raise his claims of ineffective assistance of counsel, actual innocence and lack of trial court jurisdiction in a timely § 2255 motion to the trial court. It is well-settled that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because he is procedurally barred from pursuing relief under § 2255, or because he has been denied permission to file a second or successive motion to vacate. *Charles,* 180 F.3d at 756. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758. Therefore, the district court properly dismissed Stone's § 2241 habeas petition.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.