**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 6, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31174

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES L. WATTS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Louisiana

_____

(USDC No.  02-CR-50027-1)

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles L. Watts, Jr., challenges his guilty-plea conviction for conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.  He argues, for the first time on appeal, that the district court failed to comply with FED. R. CRIM. P. 11(c) at rearraignment by not ensuring

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he understood the nature of the charges against him and by misleading him regarding the application of the sentencing guidelines to his case. The arguments are reviewed for plain error only, and thus will not require reversal unless there is a clear or obvious error which affects Watts' substantial rights.[1] This court will find that a "substantial right" has been violated only if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty."[2]

Although the district court did not specifically read the indictment or set forth the elements of the crime charged, it paraphrased the indictment, questioned Watts whether he understood the charge against him, ensured that Watts had had the opportunity to discuss the charge with counsel, and provided the opportunity for questions from Watts. The district court therefore did not commit any clear or obvious error under Rule 11.[3] Moreover, because Watts has not affirmatively stated or demonstrated that the alleged Rule 11 variance affected his decision to plead guilty, he

---

[1] *See United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

[2] *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc).

[3] *See Vonn*, 122 S. Ct. at 1046; *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002); *see also United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000).

2

has not shown that his substantial rights were affected, and the claim fails.[4]

Watts' claim that the district court misled him regarding the application of the sentencing guidelines, in violation of Rule 11, is equally unavailing.  Watts was aware of how the guidelines would operate in his case, including the possibility that he would be considered a career offender under the guidelines, as he was so advised at sentencing and in the written plea agreement.  Even if the district court's explanation of the sentencing chart appended to the guidelines could be considered a misleading prediction of a lesser criminal history (and thus lesser sentence) than Watts actually faced under the guidelines, the court's statement cannot be considered a material factor in Watts' decision to plead guilty.  Without his plea, he faced a mandatory life sentence, which was substantially more severe than the 262-month sentence he received.  It cannot be said that a full understanding of the correct criminal history score he faced under the guidelines would have affected his willingness to plead guilty to avoid a mandatory life sentence.[5]

Watts has not demonstrated any plain error in the district court's judgment.  Accordingly, that judgment is AFFIRMED.

---

[4] *See Johnson*, 1 F.3d at 302; *see also United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999).

[5] *See Johnson*, 1 F.3d at 302.