United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10624
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS TYKI HOPKINS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-135-1
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Marcus Tyki Hopkins appeals his guilty-plea conviction on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Hopkins asserts that the district court failed to comply with FED. R. CRIM. P. 11 in several respects. He also argues that his plea was not voluntary because he mistakenly believed that, in light of United States v. Booker, 542 U.S. 220 (2005), the district court could not consider relevant conduct in determining his sentence.

As Hopkins failed to challenge the voluntariness of his plea

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or the district court's compliance with Rule 11, review is for plain error, which requires Hopkins to demonstrate (1) error, (2) that is clear or obvious, and (3) that affects substantial rights.  See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).  In considering the "substantial rights" prong, we review the entire record to determine whether there exists a "reasonable probability that, but for the error, he would not have entered the plea."  United States v. Dominquez Benitez, 542 U.S. 74, 83 (2004).

In light of the plain language of the written plea agreement as well as the statements of both Hopkins and counsel during the plea colloquy, Hopkins has failed to demonstrate that the Rule 11 variances of which he complains affected his decision to plead guilty.  See United States v. Smith, 184 F.3d 415, 417 (5th Cir. 1999); United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).  With respect to his purported misunderstanding of the effect of Booker on his guilty plea, the record shows that Hopkins understood that he faced a maximum sentence of life and that the district court had the sole discretion to determine his sentence.  Therefore, he understood the consequences of his guilty plea.  See United States v. Jones, 905 F.2d 867, 868-69 (5th Cir. 1990).

For the foregoing reasons, the judgment of the district court is AFFIRMED.