**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-40359
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL CARDONA-RAMIREZ, also known as Pelon, also known as Gaby,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-244-8

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gabriel Cardona-Ramirez (Cardona) appeals his guilty-plea conviction for conspiracy to kill and kidnap in a foreign country. He argues that the district court erred under FED. R. CRIM. P. 11 by not adequately advising him of the nature of the charges against him and that this rendered his guilty plea involuntary. He also asserts that the factual basis for his plea was insufficient.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Cardona did not object to any Rule 11 error before the district court, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Cardona must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). If Cardona makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At rearraignment the count of the indictment to which Cardona pleaded guilty was read, and the district court determined that he and his attorney had discussed this charge. However, the district court did not inquire whether Cardona understood the charge against him or had any questions about the charge. Even if there were clear or obvious error, *see United States v. Lujano-Perez*, 274 F.3d 219, 224-26 (5th Cir. 2001); *United States v. Cuevas-Andrade,* 232 F.3d 440, 444 (5th Cir. 2000), a question we do not answer, Cardona still has not met his burden of showing that any error affected his substantial rights. To make this showing in the context of a Rule 11 error, Cardona must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Cardona does not argue that he did not understand the charge, and his contention that "it is reasonable to conclude" that he would not have pleaded guilty is insufficient to show that any error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83, 85*; United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999).

Similarly, in challenging the voluntariness of the plea, Cardona contends hypothetically that he could not have understood the nature of the charge because the elements of the offense were not identified. He fails to identify any elements of the offense that he did not understand, nor does he assert that his plea actually was made involuntarily. Cardona has not shown that any error

affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83; *Smith*, 184 F.3d at 417.

Cardona argues that the factual basis was insufficient because it did not show that he agreed with anyone else to kidnap or murder the victims or that he or anyone else was within the jurisdiction of the United States when the alleged agreement was made. Cardona asserts that the facts alleged in the indictment materially conflict with the factual basis presented at rearraignment and that the facts presented at rearraignment control. He argues for the first time in his reply brief that only the oral factual basis offered at rearraignment should be considered. Because this argument is raised for the first time in Cardona's reply brief, we need not address it. *United States v. Fields*, 483 F.3d 313, 352 n.36 (5th Cir. 2007).

Despite Cardona's assertions to the contrary, consideration of the indictment in determining the sufficiency of the factual basis was proper. *See United States v. Bachynsky*, 949 F.2d 722, 730 (5th Cir. 1991). When read together, the indictment and the written and oral factual bases supply the facts necessary to support the offense. The indictment and the written factual basis show that at least one telephone call was made to Cardona in Laredo informing him of the location of Jorge Alfonso Aviles and Inez Villarreal. They also indicate that sometime after receiving this call Cardona traveled to Nuevo Laredo and killed the two. The oral factual basis states that Cardona received a call informing him that Aviles was at a nightclub in Nuevo Laredo and that he crossed from Laredo to Nuevo Laredo and went to the nightclub. Cardona's location in Laredo at the time of the call is a reasonable inference given the sequence of events. Therefore, there is a sufficient factual basis to establish that a portion of the conspiracy, the overt act of receiving the telephone call, took place in the United States. *See United States v. Pomranz*, 43 F.3d 156, 160 (5th Cir. 1995); *United States v. Caldwell*, 16 F.3d 623, 624-25 (5th Cir. 1994).

Cardona's assertion that there is an insufficient factual basis to show an agreement to kidnap or murder is belied by the sequence of events and the fact that he was informed regarding the location of Aviles and Villarreal, and he directed where they were to be taken. *See United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009). Accordingly, he has not shown reversible plain error with respect to the sufficiency of the factual basis.

To the extent that Cardona seeks to raise ineffective assistance claims, the record is insufficient to address these issues on direct appeal. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

AFFIRMED.