# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2011

No. 10-30425
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO GALLEGOS-VELAZQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-288-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alberto Gallegos-Velazquez was indicted for assault resulting in serious bodily injury within the territorial jurisdiction of the United States, the Federal Correctional Institution (FCI) in Oakdale, Louisiana, in violation of 18 U.S.C. § 113(a)(6). Gallegos-Velazquez pleaded guilty in accordance with the written plea agreement and stipulated factual basis. Gallegos-Velazquez submitted a sentencing memorandum requesting that the district court consider that he acted in self-defense when imposing sentence. Gallegos-Velazquez specifically

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stated that, "[h]e had the option of going to trial and utilizing self-defense as his defense" but instead chose to plead guilty. Gallegos-Velazquez did not move to withdraw his plea. The district court sentenced Gallegos-Velazquez to 51 months in prison.

On appeal, Gallegos-Velazquez argues that the district court erred in accepting his guilty plea because he did not understand the nature of the offense of conviction, specifically that the district court did not inform him of the potential affirmative defense of self-defense in violation of Federal Rule of Criminal Procedure 11(b)(1)(G). He made no objection during the plea colloquy and, contrary to his argument, failed to preserve error. *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). Our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

A district court is required by Rule 11 to address the defendant and inform him of the nature of the charges. FED. R. CRIM. P. 11(b)(1)(G). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Gallegos-Velazquez's sentencing memorandum and failure to move to withdraw his guilty plea demonstrate that Gallegos-Velazquez was sufficiently informed of the nature of his offense such that any variance from Rule 11 could not reasonably be viewed as affecting his decision to plead guilty. *See United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999). Moreover, Gallegos-Velazquez has failed to demonstrate that, but for the alleged error, he would not have entered his guilty plea. *See Dominguez Benitez*, 542 U.S. at 83.

Gallegos-Velazquez argues that the factual basis was insufficient to support his plea because the admitted behavior showed that he was acting out of self-defense. In evaluating the factual basis for a guilty plea, the district court must "compare (1) the conduct to which the defendant admits with (2) the

No. 10-30425

elements of the offense charged in the indictment or information" to ensure that the defendant understands not only the nature of the charge but also that his conduct falls within the charge. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc) (citation omitted). Inferences may be "fairly drawn" from the "evidence adduced after the acceptance of a guilty plea, but before or at sentencing." *United States v. Dyer*, 136 F.3d 417, 424 n.13 (5th Cir. 1998).

Generally, this court reviews for clear error the district court's acceptance of a guilty plea as a factual finding. *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005). In the instant case, Gallegos-Velazquez did not raise a challenge to the adequacy of the factual basis in the district court. Review is for plain error. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006).

Gallegos-Vellazquez concedes that at the time the plea was taken, the district court had no reason to question the adequacy of the factual basis for the plea. He also stated in his sentencing memorandum that he specifically considered and rejected pursuing self-defense as his defense to the charged offense. These undisputed facts show that Gallegos-Velazquez knew that his admitted conduct fell within the charged offense. *Marek*, 238 F.3d at 315. Gallegos-Vellazquez has not shown that the district court erred plainly or otherwise in finding a sufficient factual basis for the guilty plea.

AFFIRMED.