# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2013

Lyle W. Cayce
Clerk

No. 12-41172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EFRAIN ZAMORA-ANDRADE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-437-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Efrain Zamora-Andrade pleaded guilty to illegal reentry. He argues for the first time on appeal that his guilty plea was unknowing and involuntary because the magistrate judge failed to comply with Federal Rule of Criminal Procedure 11 in various respects, including failing to determine whether his guilty plea was not the result of force, threats, or promises; failing to admonish him of any mandatory minimum penalty; and failing to advise him that he would be required to provide a DNA sample.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Zamora-Andrade must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* In evaluating whether an alleged Rule 11 violation affects a defendant's substantial rights, we look to whether, in light of the entire record, there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Zamora-Andrade has not shown and the record does not indicate that, but for the alleged Rule 11 errors, he would not have pleaded guilty. *See id.* He has not alleged that his plea was induced by force or any specific threats or promises, *see United States v. Smith*, 184 F.3d 415, 417 (5th Cir. 1999) (holding that a district court's failure to comply with Rule 11 did not affect the defendant's substantial rights where the defendant did not contend that she actually pled guilty as a result of force, threats, or promises), and nothing in the record suggests that the plea was induced improperly. Section 1326(b) of Title 8 does not mandate the imposition of any mandatory minimum penalty. Under 18 U.S.C. § 3561, imposition of a term of probation is discretionary; it is not a mandatory minimum penalty as contemplated by Rule 11(b)(1)(I). Further, Zamora-Andrade was advised of the possibility of probation, and that it was not applicable to his sentencing range, in the presentence report (PSR). A defendant's failure to take issue with his potential sentence once he has been properly advised in the PSR suggests that the district court's failure to inform him of his sentencing exposure was not a significant factor in his decision to plead guilty. *See United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999) (looking to the PSR to determine whether the district court's failure to inform the defendant of the applicable sentencing range affected the defendant's

No.  12-41172

substantial rights); *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (holding that, in reviewing a Rule 11 error, this court may consider evidence in the record that post-dates the plea hearing).  Finally, the collection of a DNA sample is a mandatory condition of supervision, not a mandatory minimum penalty as contemplated by Rule 11(b)(1)(I). Zamora-Andrade was properly admonished with respect to the imposition of a term of supervised release and the effect of any failure to comply with the conditions of supervised release as required by Rule 11(b)(1)(H).

The judgment is AFFIRMED.