# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS RODRIGUEZ-LOSOYA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-397-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesus Rodriguez-Losoya pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana. That offense requires a prison term of not less than five years and not more than forty. The minimum term of supervised release is four years. The district court sentenced Rodriguez within those statutory ranges to a prison term of seventy months and four years of supervised release. On appeal, Rodriguez contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during the plea colloquy the district court improperly advised him of the penalties he faced.  He asks to have his sentence modified or his plea vacated.

According to the transcript of the plea colloquy, immediately after correctly identifying the minimum prison term as five years, the district court incorrectly identified the maximum as four years.  The district court also stated that the supervised release term was only two years, when the statute requires at least four years.  No one objected to these recitations at the plea colloquy.  Rodriguez did not object to the prior recitation of penalties in response to the presentence report, which stated the correct penalties; nor did he move to withdraw his plea.

Rodriguez now contends that his right to due process was violated by the district court's incorrect statements about the possible penalties.  Rodriguez also says that the district court failed to properly advise him about his right to persist in his not-guilty plea, his right to counsel, and the mandatory special assessment.  But because he makes no argument to support these assertions, he has abandoned them.  *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).

Rodriguez's claim is reviewed for plain error.  *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002).  Rodriguez must show that a forfeited error was "clear or obvious, rather than subject to reasonable dispute," and that the error affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does, we have the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the court proceedings.  *Id.*

We first note that a transcription error may be to blame for the "four year" statutory minimum reference.  "Four" is just a syllable away from forty, the district court had just stated the five year minimum, and no lawyer objected to what would have been an obvious mistake.  We will nonetheless

review Rodriguez's appeal on the assumption that the transcript is accurate, especially in light of the Government's concession that the district court committed clear error under Rule 11 by misstating the possible penalties.  To show that such an error was prejudicial in that it affected his substantial rights, Rodriguez "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see United States v. Glinsey*, 209 F.3d 386, 394–95 (5th Cir. 2000) (resentencing defendant based on reasoning that misinformation about restitution affected his plea).

Rodriguez argues that he need not show prejudice under *Dominguez Benitez* because he is not stating a Rule 11 claim but rather a due process claim that his plea was not knowing and voluntary.  He cites no case, however, finding that a plea violated due process because of the type of Rule 11 errors raised here.  And the Supreme Court has held that "omission of a single Rule 11 warning without more is not colorably structural." *Dominguez Benitez*, 542 U.S. at 81 n.6.  Rule 11 provides that a "variance from the requirements of this rule is harmless error if it does not affect substantial rights." FED. R. CRIM. P. 11(h).  Rule 11(h) "calls for across-the-board application of the harmless-error prescription (or, absent prompt objection, the plain-error rule)." *United States v. Davila*, 133 S. Ct. 2139, 2149 (2013).

Rodriguez offers only his bare assertion that the misstatements affected his substantial rights.  He does not argue that, but for the district court's error, he would not have pleaded guilty, and he has likewise declined to articulate any theory of prejudice by showing that the misstatements actually affected his plea in any significant way.  We are not convinced that Rodriguez would have decided to go to trial instead of pleading guilty if he had been given the correct penalty ranges at his plea colloquy.  His "failure to take issue with his

potential sentence once he ha[d] been properly advised in the PSR suggests that the district court's failure to inform him of his sentencing exposure was not a significant factor in his decision to plead guilty." *United States v. Zamora-Andrade*, 544 F. App'x 438, 439 (5th Cir. 2013); *see also United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013) ("Our conclusion is buttressed by Alvarado-Casas's decision not to move under Rule 11(d)(2) to withdraw his plea after the PSR made him aware of his true sentencing exposure.")   Moreover, his sentence was only ten months above the statutory minimum, of which he was unquestionably advised.  We refused to find that a Rule 11 error concerning penalty ranges affected substantial rights even when the sentence received was seventy months above the maximum sentence incorrectly stated by the district court at the plea colloquy.  *Alvarado-Casas*, 715 F.3d at 954–55.

For these reasons, the district court's judgment is AFFIRMED.