**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5193

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT JOYNER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Margaret B. Seymour, District Judge.
(3:06-cr-00016-MBS)

Submitted:  July 31, 2007        Decided:  August 15, 2007

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Leesa Washington, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Robert Joyner was convicted of possession with intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2007). On appeal, Joyner contends that the district court erred in denying his motion to suppress evidence discovered during the search of the vehicle in which he was driving and denying in part his motion to suppress statements he made to the police officer. He also challenges the district court's denial of his motion for a mistrial based on the trial testimony of the officer. We find no error in these rulings and accordingly affirm Joyner's conviction.

Shortly after midnight on July 24, 2005, Joyner approached a driver's license checkpoint being conducted by the Department of Public Safety in Cayce, South Carolina. Joyner stopped briefly and then sped off, leading officers on a high speed vehicle chase, which ended after Joyner crashed his vehicle into a tree. Also in the vehicle were an adult male, a sixteen-year-old female, and her one-year-old female child.

Officers searched Joyner and found approximately $2000 in his pocket. He was handcuffed and placed in a patrol car. A quantity of crack cocaine was discovered under the hood of the car. After the officer advised Joyner of his rights, Joyner repeatedly called the officer back to the vehicle and tried to convince the

officer to let the girls go. When the officer asked Joyner if the crack was his, he replied, "I don't know nothing about that man, I talk to an attorney." The officer asked Joyner again to whom the drugs belonged and stated that if Joyner did not claim them, everyone in the vehicle would be arrested. Ultimately, Joyner claimed ownership of the drugs.

The district court denied Joyner's motion to suppress the evidence discovered during the search of the vehicle, finding that the officers had probable cause to search the entirety of the vehicle. The court granted, in part, Joyner's motion to suppress his statements, finding that the officer's questioning was overreaching and overcame Joyner's right to remain silent. The court therefore suppressed all statements Joyner made after and including his first mention of an attorney. The court found that this mention of an attorney was not a sufficient request to invoke his right to counsel, but that suppression was warranted based on the officer's questioning.

On appeal from a district court's determination on a motion to suppress, the factual findings are reviewed for clear error and legal determinations are reviewed de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The evidence is reviewed in the light most favorable to the government, the prevailing party on the

motion. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Joyner contends that the district court erred in denying his motion to suppress evidence discovered during a search of the vehicle in which Joyner was driving. The district court determined that the officers had probable cause to search the vehicle.

Probable cause to search exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The "automobile exception" to the warrant requirement allows a warrantless search "[i]f a car is readily mobile and probable cause exists to believe it contains contraband." Maryland v. Dyson, 527 U.S. 465, 467 (1999). If such probable cause exists, the officers may conduct a search "as thorough as a magistrate may authorize in a warrant." United States v. Ross, 456 U.S. 798, 800 (1982). Thus, the scope of the search is defined by the object of the search and the places in which such an object may be concealed. Id. at 824.

Here, the officers had probable cause to believe that there was evidence or contraband in the vehicle, based on Joyner's flight when subjected to a routine traffic stop, see United States v. Moye, 454 F.3d 390, 396 (4th Cir.) (consciousness of guilt may be inferred from flight), cert. denied, 127 S. Ct. 452 (2006), and the fact that Joyner had a large sum of money in his possession and

was in a high drug area.  See United States v. Hardwell, 80 F.3d 1471, 1490 (10th Cir. 1996) ("[A]n individual's possession of large amounts of cash tends to show involvement in drug distribution because it is among the tools of the trade of drug traffickers."); United States v. Ramirez, 63 F.3d 937, 943 (10th Cir. 1995) (prior arrest for drug trafficking while possessing drugs and cash is probative of knowledge and intent).  Consequently, we conclude that the officers had probable cause to believe that they would find drugs in the vehicle.  See Ross, 456 U.S. at 800, 824.  Therefore, the district court properly determined that the officers had probable cause to conduct a thorough investigatory search and correctly denied Joyner's motion to suppress the evidence.  See Ornelas, 517 U.S. at 699 (providing standard).

Next, Joyner argues that the district court erred by not suppressing all of the statements he made following the officer's issuance of the warnings required by Miranda,[1] because he had requested an attorney.  In order to "invoke the right to counsel and prevent further interrogation, a suspect must unambiguously request the assistance of counsel." United States v. Cardwell, 433 F.3d 378, 389 (4th Cir. 2005), cert. denied, 547 U.S. 1061 (2006).  Here, Joyner mentioned an attorney in the following manner: Immediately after being informed of his rights, Joyner asked Officer Pereira if he was "letting the girl go?"  After being asked

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

- 5 -

if the crack found under the hood was his, Joyner denied knowledge of it. Pereira then stated that he would have to charge everyone with possession of it. Joyner was again asked if it was his. He replied, "Man, I'll talk to an attorney[.] Go ahead and let them go."

After a time, Joyner called the officer back to the vehicle. The officer stated that he was not dealing with Joyner. Joyner stated, "I talk to my attorney, I'll figure this thing out they they straight. They ain't got nothing to do with this man." After some more questioning by the officer as to whether the crack was Joyner's, and Joyner's continued insistence that his passengers were innocent, the officer asked, "Is it yours? You got something to tell me? If not, this discussion is over with." Joyner responded, "I get an attorney, when I get an attorney present. They innocent."

We find no clear error in the district court's determination that Joyner did not clearly and unambiguously request an attorney. See Ornelas, 517 U.S. at 699 (providing standard); see also Seidman, 156 F.3d at 547 (viewing evidence in the light most favorable to the government). Moreover, even if Joyner did invoke his right to an attorney, any error in continuing the questioning was harmless here because the district court suppressed Joyner's statement referring to an attorney and all statements following Joyner's first mention of an attorney. See Fed. R. Crim.

P. 52(a) ("Any error . . . which does not affect substantial rights shall be disregarded."); United States v. Hastings, 134 F.3d 235, 240-41 (4th Cir. 1998).

As for any statements that Joyner made before he mentioned an attorney, he impliedly waived his right to remain silent by initiating the conversation with the officer, in which he asked the officer to let the girls go. See Cardwell, 433 F.3d at 388 (waiver of rights may be implied from voluntary statement after receiving Miranda warnings); United States v. Payne, 954 F.2d 199 (4th Cir. 1992) (holding that Miranda does not apply when incriminating statements are not made in response to interrogation). After being advised of his rights, Joyner asked the officer to let the girls go. He was asked about the crack found under the car hood and he denied knowledge of it. On two separate occasions, Joyner motioned for the officer to come back to the vehicle and attempted to convince him to let the girls go. In light of Joyner's conduct in voluntarily engaging the officer in conversation, we find no error by the district court in refusing to suppress all statements that Joyner made. See Ornelas, 517 U.S. at 699.

The final issue in this appeal is Joyner's challenge to the district court's denial of his motion for a mistrial. The denial of a motion for a mistrial is within the discretion of the trial judge and will be disturbed only under extraordinary

circumstances.  United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997).

In determining whether a mistrial is warranted based on improper questioning or testimony, the court considers whether the testimony was improper, and whether it was so prejudicial that the defendant was denied a fair trial.  United States v. Bennett, 984 F.2d 597, 608 (4th Cir. 1993).  The district court found that the officer's testimony was not improper, but merely stated his opinion of the meaning of Joyner's words requesting that the girls be released.

The court read back the testimony—"I felt that he took- - that he stated  - - I mean, that it was his"—and found that the officer did not testify that Joyner said that the crack cocaine was his or otherwise confess to the possession.  We find that this conclusion, and the denial of a mistrial based on this statement, was not an abuse of discretion.  See Dorlouis, 107 F.3d at 257.  We find further support for this conclusion in the officer's next statement that clarified that he formed the opinion that the drugs belonged to Joyner from Joyner's requests that the girls be released.  In response to the government's inquiry as to his interpretation of Joyner's request to let the girls go, the officer testified that the phrase "indicated to me that the drugs that were found were his.  The others are innocent, I could let them go."

Moreover, even if the testimony was improper, a mistrial was not warranted.  See United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983) (providing factors to consider).  Joyner argues that the officer's testimony that Joyner admitted his possession took away Joyner's only defense—that one of the other occupants of the vehicle owned the drugs.  However, as stated above, the officer's testimony was that he interpreted Joyner's request that the others be let go as an admission that the drugs were his.  Defense counsel was free to cross-examine this opinion, to present another view, and to request a curative instruction. Accordingly, we affirm the district court's order denying Joyner's motion for a mistrial.[2]  See Dorlouis, 107 F.3d at 257.

In conclusion, we affirm Joyner's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]We also find no plain error arising from the government's closing argument, in which the prosecutor state that Joyner fled from a checkpoint and that he "implicated himself."  See United States v. Olano, 507 U.S. 725, 732-36 (1993); United States v. DePew, 932 F.2d 324, 327-28 (4th Cir. 1991).